73 F.3d 357
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Thomas HARLEY, Plaintiff-Appellant,
v.
WASHINGTON SUBURBAN SANITARY COMMISSION, Defendant-Appellee,
and
August J. PONSTINGEL; William Hill, Defendants.
 No. 94-2353.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1995.
Decided Dec. 21, 1995.
 
 ARGUED: Arnold Byron Schweizer, Rockville, Maryland, for Appellant. Joel Aaron Kramer, Associate Counsel, WASHINGTON SUBURBAN SANITARY COMMISSION, Laurel, Maryland, for Appellee. ON BRIEF: Nathan J. Greenbaum, General Counsel, Sheila D. Collins, Associate Counsel, WASHINGTON SUBURBAN SANITARY COMMISSION, Laurel, Maryland, for Appellee.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Harley appeals the district court's entry of judgment for the defendants, Washington Suburban Sanitary Commission and two of its supervisory employees, after a bench trial in this Title VII disparate-treatment action. Harley, an African-American, contends that the defendants intentionally discriminated against him because of his race when they failed to promote him and that the district court's ultimate finding to the contrary was clearly erroneous. We find no reversible error and affirm.
 
 
 2
 It is undisputed that Harley, who had performed fully satisfactorily as a mechanic for the Commission for nine years, was fully qualified for promotion to lead equipment mechanic when that position opened up in 1990. There was, however, ample evidence to support the district court's finding that William Camp, a white fellow-employee who ultimately was promoted to the position, was even more qualified. And there was no direct evidence to support a claim of racially discriminatory intent on the part of the Commission or any of its employees in preferring Camp over Harley.
 
 
 3
 There was essentially undisputed evidence that Camp had received consistently better written evaluations than had Harley and that Camp had demonstrated a greater willingness to work overtime, to be available for emergency duty, and to improve his professional skills. By his own testimony, Harley had declined because he had family obliga tions, to accept overtime assignments. Moreover, although Camp had worked for the Commission for two years less than Harley, he had more experience in leadership positions. On the basis of all of this evidence, the Commission argued, and the district court found that the promotion decision had rested simply on Camp's better work record and greater devotion to the job.
 
 
 4
 Harley's evidence of discriminatory intent came to no more than the barest suggestions that racial animus might possibly have lurked in the minds of the decision-makers. He points to evidence--consisting almost exclusively of his own anecdotal testimony--that he was repeatedly refused opportunities over the years to fill in for the lead equipment mechanic in his shop, that his supervisors made a handful of offensive--although never racially explicit--remarks to him at various times, and that he was denied a beeper and overtime when other, white employees were granted them. The district court, however, was entitled to find that Harley's self-serving testimony, none of it evidencing any overt racial animus even on its own terms, failed to establish the racially discriminatory intent that a Title VII disparate-treatment claim requires. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1980) ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.").
 
 
 5
 Because the district court's dispositive findings of fact on the motivational issue are not clearly erroneous and support its judgment for the defendants, we
 
 
 6
 AFFIRM.